**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELICIANA PABLO-PABLO; JAMES ARNOLDO PABLO-PABLO, | No. 19-71531 |
| Petitioners, | Agency Nos. A216-386-675 |
| | A216-386-676 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2020[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and HUNSAKER, Circuit Judges.

Feliciana Pablo-Pablo ("Pablo") and her minor son, J.A.P.P., petition for

review of an order of the Board of Immigration Appeals ("BIA") and move for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

remand to the Executive Office of Immigration Review ("EOIR").[1]  Our jurisdiction

is governed by 8 U.S.C. § 1252.  We deny the petition for review because the BIA's

decision denying asylum is supported by substantial evidence.[2]  *See Lopez-Cardona*

*v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011) (explaining the standard of review).

We also deny the motion to remand based on *Pereira v. Sessions*, 138 S. Ct. 2105

(2018), because Pablo failed to exhaust administrative remedies by neglecting to

raise this argument in her appeal to the BIA.

Pablo claims that she is entitled to asylum because she has demonstrated that

she cannot return to Guatemala "because of persecution or a well-founded fear of

persecution on account of . . . membership in [] particular social group[s]."  *See* 8

U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A).

To establish past persecution, Pablo must show "(1) an incident, or incidents,

that rise to the level of persecution; (2) that is on account of one of the statutorily-

protected grounds; and (3) is committed by the government or forces the government

---

[1] Pablo's son's asylum claim is derivative of his mother's.  Thus, we refer only to Pablo's application throughout the disposition.

[2] Nexus issues are generally reviewed for substantial evidence, *see Parussimova v. Mukasey*, 555 F.3d 734, 738-39 (9th Cir. 2009), but this court has also suggested that nexus issues are questions of law, reviewed de novo, when the petitioner is deemed credible, *see Baghdasaryan v. Holder*, 592 F.3d 1018, 1022 n.4 (9th Cir. 2010).  Here, Pablo was found credible as to only one of her two asserted particular social groups, but the parties have not raised any issue regarding the applicable standard of review, and we do not address it.

is either unable or unwilling to control." *Doe v. Holder*, 736 F.3d 871, 877-78 (9th Cir. 2013) (internal citations and quotations omitted).

Only the second element is disputed here. Pablo claims that she was persecuted on account of her membership in two particular social groups: indigenous Guatemalan women and immediate family members of Antonio (Pablo's former partner). Even so, the BIA's conclusion that Pablo failed to show past persecution on account of her membership in these social groups is supported by substantial evidence.

First, the BIA reasonably concluded that abuse by Pablo's ex-husband, Marcelino, was "meant to humiliate and control [Pablo] as an individual," not because she is an indigenous Guatemalan woman. The BIA acknowledged that "[t]he evidence reflects that Marcelino (and his mother) criticized the respondent for being 'ugly' and 'dark' [skinned]." Even so, the BIA observed that "Marcelino and his parents were also indigenous Mam speakers . . . , and there is nothing in the record to indicate that Marcelino mistreated other indigenous Guatemalan women or harbored hostility toward them as a group." Moreover, the record indicates that Marcelino abused Pablo to control her as a person based on jealousy and misogyny, all unrelated to her indigenous heritage. As a result, while Marcelino's domestic harm to Pablo was disturbing and cruel, we cannot say that any reasonable adjudicator would be compelled to conclude that Pablo suffered harm on account of

her indigenous Guatemalan ancestry. *Doe*, 736 F.3d at 877 (holding reversal is warranted under substantial evidence review only if the evidence compels a contrary result).

Second, the BIA's conclusion that Pablo was not attacked on account of her membership as an immediate family member of Antonio is similarly supported by substantial evidence. Pablo contends that she was attacked and extorted because of her romantic relationship with a man named Antonio, who owed unidentified men 100,000 quetzals. But, as the BIA noted, the demand of 100,000 quetzals by Pablo's attackers, while identical to the debt owed by Antonio, is a round number that could easily have been chosen at random as part of an indiscriminate extortion attempt. Further, the alleged attack and extortion attempt occurred approximately two-and-a-half years after Antonio had left Guatemala, with no evidence of violence or demands before the 2017 attack. Finally, Pablo acknowledged that her attackers spoke a different dialect of Mam than that spoken in Todos Santos, the area where Antonio's creditors were located. Taken together, this evidence does not compel the conclusion that Pablo was attacked because of her relationship with Antonio.

In sum, the BIA's finding that Pablo failed to establish a nexus between the harm she suffered and her purported social groups is supported by substantial evidence. The record supports a reasonable conclusion that Pablo suffered severe domestic violence and was the victim of an indiscriminate attack and extortion

4                                                                                    19-71531

attempt. While tragic, the BIA permissibly concluded that these events occurred independent of Pablo's membership as an indigenous Guatemalan woman and as an immediate family member of Antonio.

As a final matter, we do not reach the merits of Pablo's motion to remand to the EOIR for lack of immigration court jurisdiction based on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), because she failed to exhaust the jurisdictional claim in her brief to the BIA. *See* 8 U.S.C. § 1252(d)(1); *see also Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).[3]

The petition for review and motion to remand are DENIED.[4]

---

[3] Even if it had been exhausted, Pablo's claim would fail in light of *Fermin v. Barr*, 958 F.3d 887, 894-95 (9th Cir. 2020), and *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019).

[4] Pablo's motion to stay proceedings is denied as moot.